

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2008

# Hasson v. Glendale Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hasson v. Glendale Sch Dist" (2008). *2008 Decisions.* Paper 379.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/379

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3249
_____

DR. EDWIN HASSON,

Appellant

v.

GLENDALE SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00029J)
District Judge:  Honorable Kim R. Gibson
_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2008

Before:  FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: October 10, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Dr. Edwin Hasson ("Hasson") appeals the July 19, 2007 District Court order

granting summary judgment in favor of the Glendale Area School District ("Glendale")

on Hasson's only remaining claim of race discrimination under Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e-2(a). For the reasons set forth below, we will affirm the order of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On February 15, 2006, Hasson filed suit alleging that Glendale dismissed him as superintendent due to race discrimination in violation of Title VII; age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a); and disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a). On September 13, 2006, a Magistrate Judge dismissed the age and disability discrimination claims, leaving only the race discrimination claim for further adjudication.

Hasson is an Arab-American Muslim of Lebanese descent and alleges that Glendale terminated him from his job as superintendent as a result of anti-Arab sentiment occurring in the wake of the terrorist attacks of September 11, 2001. Hasson began his employment as Glendale's Superintendent of Schools on August 21, 1997. On or about July 12, 2002, Glendale served a statement of charges on Hasson and suspended him from his duties without pay effective July 20, 2002. The eight-page statement of charges, inter alia, alleged incompetency; intemperance; neglect of duty; willful violation of and immorality in the performance of his duties; misuse of Glendale's funds; violation of

2

compulsory attendance rules; inappropriate discipline of staff; insubordination; improper and excessive use of Glendale's equipment for personal use; and misrepresentation to the Board of School Directors (the "Board") that resulted in financial repercussions to Glendale. As a result of these charges, the Board conducted an investigation and held several hearings. During the hearings Hasson never alleged discrimination, but did continually proclaim his innocence. At the conclusion of the hearings the Board unanimously voted to terminate Hasson.

Hasson presented no evidence other than vague conclusory allegations to show that he faced discrimination. Hasson claims that he was subjected to ethnic slurs while growing up in the Glendale area, that his wife and children were victims of ethnic slurs, and that his son was assaulted during his time as superintendent. However, Hasson can recount only two specific times that teachers directed ethnic slurs at him, both of which occurred during the 2001-2002 school year. These two instances involved the same three teachers, all Hasson's subordinates, making off-color jokes about Hasson's ethnicity. Referencing his superiors only remotely, Hasson believed some members of the Board belonged to the Ku Klux Klan, and that after September 11, 2001, he perceived that some members of the Board had "hate in their eyes." Hasson also claims he overheard another then-subordinate teacher make a potentially racist statement when he was within earshot, but did not know whether the teacher directed it at him. This teacher later retired and joined the Board that fired Hasson.

3

On March 1, 2007, Glendale filed a motion for summary judgment. After reviewing the motion, the Magistrate Judge recommended that the District Court grant it. On July 19, 2007, the District Court issued a memorandum order adopting the Magistrate Judge's recommendation. The District Court entered judgment on July 23, 2007, and this timely appeal followed. We exercise jurisdiction over Hasson's appeal pursuant to 28 U.S.C. § 1291.

## II.

Our review of a grant of summary judgment is plenary, and we apply the same legal standard as the District Court. *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is appropriate when there exists "no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At this stage of the proceedings we must review the record in the light most favorable to Hasson, and draw from it any reasonable inferences that support his claims. *Debiec v. Cabot Corp.*, 352 F.3d 117, 128 n.3 (3d Cir. 2003). However, Hasson may not survive summary judgment by relying on the allegations contained in his pleadings, but must instead demonstrate through reliable evidence that there is a sufficient factual basis to present a genuine issue for trial. *Saldana*, 260 F.3d at 232.

III.

In a Title VII employment discrimination action, the plaintiff bears the initial burden of presenting a prima facie case and must show he is a member of a protected class, was qualified for his job, suffered an adverse employment action, and that others not in the protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If the plaintiff establishes a prima facie case, he creates a presumption of discrimination, shifting the burden to the defendant to present a legitimate nondiscriminatory reason for its adverse employment action. *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994). If the defendant presents a legitimate nondiscriminatory reason for its adverse action, the burden shifts back to the plaintiff who must produce evidence rebutting his employer's proffered legitimate reason for its adverse employment action. *Id.* To meet this burden, the plaintiff must show his employer's proffered reason was false and that discrimination was the real and determinative reason for his employer's actions. *Id.* at 763-64. As a result, in order to prevail at trial Hasson would need to prove that "but for" his ethnicity he would have been retained as Glendale's superintendent. *Id.* at 764. The evidence must be sufficient to allow a factfinder to reasonably infer that Glendale's proffered reason was either a post hoc fabrication or did not actually motivate its action. *Id.*

The record indicates that Hasson made a prima facie case of discrimination, and that Glendale met its burden to show a legitimate nondiscriminatory reason behind its

5

decision to terminate him. In order for Hasson to survive summary judgment, he must present sufficient evidence to cast substantial doubt upon Glendale's stated reasons for terminating him, or he must present sufficient evidence "from which a factfinder could reasonably conclude that an illegitimate factor more likely than not was a motivating or determinative cause of the adverse employment decision." *Id.* at 765. We conclude that Hasson is unable to present sufficient evidence to accomplish either.

First, Hasson presented no evidence indicating that Glendale discriminated against him. Hasson claims some of his subordinates harassed him, but it is clear that the specific occurrences Hasson recalled were isolated and that those subordinates played no role in the Board's decision. The harassment cannot be imputed to the Board because "[t]he evidence before us more properly falls into the category of stray remarks by non-decision makers, which are inadequate to support an inference of discrimination by the employer." *Gomez v. Allegheny Health Servs.*, 71 F.3d 1079, 1085 (3d Cir. 1995). There is no evidence that the Board or any of its members made similarly insensitive statements or that it shared the views of Hasson's subordinates. Hasson could not be sure that the one teacher who later joined the Board directed his earlier potentially racist comment at him. Most importantly, there is nothing in the record that indicates Hasson's ethnicity played any role in the Board's decision-making process.

Second, it is clear from the record that Glendale presents several legitimate nondiscriminatory reasons for terminating Hasson. Glendale's numerous charges against

6

Hasson were serious and not inconsequential or petty. Because Glendale demonstrates a legitimate nondiscriminatory reason for Hasson's dismissal, the burden shifts back to Hasson to show by a preponderance of the evidence that Glendale's explanation is pretextual. *Fuentes*, 32 F.3d at 763. To meet this burden, Hasson must "point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Id.* at 764. After an extensive review of the record, we are unable to locate any evidence in it that causes us to reasonably disbelieve Glendale's proffered reasons for terminating Hasson, and are also unable to locate any evidence indicating that his termination resulted from discrimination.

Hasson denies the allegations contained in Glendale's charges. However, even if the Board was wrong in its findings, we review employment decisions for discrimination, not soundness. *Id.* at 765. Further, there is no indication that the Board brought the charges as a "*post hoc* fabrication" or mere pretext for Hasson's dismissal. *Id.* at 764. On the contrary, the record indicates the Board came to its decision after a lengthy process involving detailed investigations and hearings.

Glendale has adequately demonstrated legitimate nondiscriminatory reasons for Hasson's dismissal and Hasson has presented no evidence that causes us to reasonably believe that discrimination induced Glendale's action. Accordingly, Hasson has failed to

meet his burden of showing by a preponderance of the evidence that Glendale's proffered nondiscriminatory reasons for his dismissal were merely pretextual.

IV.

For the foregoing reasons, we will affirm the order of the District Court.